STATE *v.* TOWN OF CUMBERLAND.

Upon an indictment against a town for neglecting and refusing to rebuild and maintain a bridge, part of an ancient highway, a declaration by the town council of the town, that the portion of the highway including the bridge had ceased to be useful to the public, is not conclusive of the fact, so as to discharge the town from the obligation to rebuild and maintain the bridge; the 26th section of Ch. 43 of the Revised Statutes expressly making the authority of the town councils to make such a declaration, dependent upon the fact of the uselessness of the highway to the public.

INDICTMENT against the town of Cumberland, for neglecting and refusing to build, keep up, and maintain a bridge across Abbott's Run, near Robin Hollow, in said town, in the course of the Mendon road, so called.

At the trial of the indictment before Mr. Justice Brayton, with a jury, at the present term of this court, it appeared, that the town of Cumberland, which had before been convicted and fined for neglecting to rebuild and maintain said bridge, had, nevertheless, neglected to rebuild said bridge, and offered in defence a decree of the town council of said town, passed a short time previous to the finding of this indictment, declaring, in substance, that portion of the Mendon road mentioned in the indictment, including the bridge over Abbott's Run, at Robin Hollow in said town, to be useless, in consideration of a new road in another place near by, then laid out and established, and insisted, that this decree was a full and complete defence to the indictment, and discharged the town from the obligation of keeping said highway and bridge in repair between the limits mentioned in said decree.

The presiding judge ruled, that it was a good answer to the decree of the town council, that the road and bridge mentioned in the indictment had not, in fact, ceased to be useful to the public; whereupon, the jury, upon the proof submitted to them, returning a verdict of guilty, the town now moved for a new trial upon the ground of an error in law in the above ruling.

The clause of the statute under which the decree of the town council was made, is as follows:—

" SEC. 26.   Whenever any road shall cease to be useful to the

public, the town council of such town shall be authorized so to declare it; and the said road shall revert to its owner; and the said town shall not be liable any longer to repair the same; but no town council shall have power to alter or change any highway which has been or shall be laid out by the General Assembly." Rev. St. ch. 43, § 26.

*T. A. Jenckes, for the defendant :—*

The highway, including the bridge in question, having been declared useless by the town council of the town of Cumberland prior to the finding of the indictment, the town is no longer liable to indictment for not repairing the same. Rev. St. ch. 43, § 26. *State* v. *Town of Fletcher*, 13 Verm. 124.

*W. S. Burgess, attorney general,* contended, that the decree of the town council was authorized by the statute, only in the event, that the road had ceased to be useful to the public; which left their jurisdiction dependent upon a fact, which the jury had found against the town.

AMES, C. J. It is a general principle in application to the acts and doings of official boards and inferior tribunals, that when their jurisdiction is made by law to depend upon the preëxistence of some fact, their action is not to be deemed conclusive of such fact, unless expressly, or by necessary implication, so made. The declaration of a town council under the statute before us calls, in our judgment, for the application of this principle. The statute expressly makes the authority of the town council to declare a highway useless, contingent upon the fact, that it has ceased to be useful to the public; and when we consider that the statute makes no provision for notice to parties interested, nor for an appeal, and the consequences that may follow, both to individuals and the public, if, upon a simple declaration of a town council, any highway in the country or street in a city, however valuable or necessary, may revert at once to the owners of the land encumbered by it, and the towns, in consequence, be absolved from further obligation to repair and amend it, we are confirmed in the conclusion, that the General Assembly intended that the fact should remain open to examination, when effect from the declaration of the fact was claimed.

It is the concurrence of the fact with the declaration, which

alone can make the exercise of such a power tolerable ; and full operation is given to it by requiring the concurrence of the declaration with the fact, in order that the owners of adjacent lands and the public may know when the rights of the one begin, and of the other cease.

The objection, that upon this construction, the rights of both the owners and. the public remain open to contestation, notwithstanding the decree, is, in effect but saying, that these cannot be concluded by the decree of a town council without a hearing. The reply is easy,—that to allow conclusive effect to such a decree would be worse, upon the principles of natural justice, than many hearings. In fine, considering the language and purpose of the statute, and the character and effect of the declaration which it authorizes the town councils to make, we have no doubt but that the judge presiding at the trial rightly construed the statute, and therefore overrule this motion for a new trial.