ATTORNEY GENERAL *vs.* LOUIS SHERRY.

WASHINGTON—APRIL 20, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

In the abandonment of a highway like proceedings are to be had in all respects, so far as applicable, as are provided in case of taking lands for a highway and ascertaining damages caused thereby to the owners of the lands taken.

It is not necessary, however, to give notice of the proceedings to a petitioner on whose application the abandonment is decreed.

A. owned all of the land covered by a highway which, on his petition, was abandoned :—

*Held*, that the owners of other lands abutting on the highway had no interest in it.

*Hence*, in the abandonment of a highway by a body exercising the powers of a town council, which highway was wholly on land of a petitioner who asked for the action taken, the owners of other lands abutting on, but who had no interest in the land covered by, the highway, were not entitled to have the committee try to agree with them respecting their damages, nor were they entitled to notice of the filing of the committee's report.·

INFORMATION filed by the Attorney General seeking a removal of obstructions from, and an injunction against maintaining obstructions in, a highway as to which there had been proceedings for its abandonment.  Heard on demurrer to the bill.

MATTESON, C. J.  This is a bill by the attorney general on the relation of certain persons, to enjoin the respondent from obstructing and maintaining an obstruction upon the highway, and compel the removal of an obstruction already erected.  It sets forth the laying out of the highway, its use by the public during the summer season, in going from the Boston Neck road to the bathing beach at Narragansett Pier, from its layout until July 18, 1896 ; its obstruction at that date by the respondent, by the erection of a plank walk across it ; the threat of the respondent to still further obstruct it by the erection of a building upon it, by which the public and the relators will be wholly deprived of its use ; the request of the relators and others to the respondent to remove the obstruction and not to erect another obstruction, and his refusal to comply with the request on the ground, as alleged by him, that the highway has been abandoned by certain proceedings of the district council of the District of

Narragansett, and is therefore private property. The bill avers that the proceedings of the district council relating to the abandonment of the highway, copies of which and of the plat accompanying them are annexed to and made a part of the bill, were illegal and void, because the committee appointed by the district council did not agree or attempt to agree with the owners of the land abutting on the southerly side of the highway for the damages sustained by them by reason of the abandonment, and because the district council did not, either after the filing of the report of the committee or at any other time, give notice to such owners of the pendency of the proceedings, or to appear and be heard on the reception of the report.

The respondent has demurred to the bill.

The principal question raised by the demurrer, and the only one which it is necessary to consider, is whether the proceedings of the district council in the abandonment of the highway were invalid, because of the omission of the committee appointed by the council to agree or attempt to agree with the owners of the land abutting on the southerly side of the highway abandoned for the damages sustained by them, if any, by the abandonment, and the omission of the district council to give notice to such owners of the filing of the report of the committee, that they might be heard thereon.

The plat accompanying the report of the committee shows that the respondent was the owner of all the land over which the highway was laid, and of all the land abutting on the highway on the north. The respondent being the owner of all the land over which the highway was laid, the owners of land abutting on the highway on the south had no interest in it. *Healey* v *Babbitt*, 14 R. I. 533.

Pub. Laws R. I. cap. 710, § 3, of March 22, 1888, confers on the district council of the District of Narragansett the powers within the district possessed by the town councils of the several towns in their respective towns. Pub. Stat. R. I. cap. 64, § 28, authorizes the abandonment of highways by town councils, and provides that in such abandonment like

proceedings shall be had in all respects, so far as applicable, as are provided in that chapter in case of the taking of land for a highway, and the ascertainment of damages to the owners of land taken. The proceedings for the taking of land for a highway, and ascertaining the damages to the owners of land taken, are prescribed by sections 2 to 8, inclusive, of the chapter. By Sec. 4 the committee appointed by the council is required to agree, or to attempt to agree, with the owners of the land over which the highway is laid out, for the damage they shall sustain, and in case they cannot agree the council is required to value and appraise the damage, if any. Sec. 5 provides that after having laid out the highway the committee shall cause a plat of it to be made, which, together with the report of their doings in writing, by them signed, shall be presented to the council. Sec. 6 further provides that, on the presentation of the plat and report, the council shall cause notice to be given to all persons interested in the land over which the highway is laid, to appear, if they shall see fit, and be heard for and against receiving the report. No provision is made for ascertaining the damages sustained by any person or persons, or for notice on the report of the committee to any person or persons, except such as are owners of or interested in the land over which the highway is laid out.

Inasmuch, therefore, as the highway was laid out wholly on the land of the respondent, on whose application the abandonment was decreed, and to whom therefore no notice was necessary, and inasmuch as the owners of the land abutting on the southerly side of the highway had no ownership or interest in the land covered by the highway, we are of the opinion that the committee were not required to agree, or to attempt to agree with them respecting the damages sustained by them, if any, in the abandonment of the highway, and that the council were not required to give them notice of the filing of the report of the committee.

The demurrer is sustained.

*Clarence A. Aldrich*, for relator.

*Albert B. Crafts*, for respondent.