ATTORNEY–GENERAL *vs.* JOHN SHEPARD, JR., *et al.*

PROVIDENCE—MAY 11, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Highways. Abandonment.*

Gen. Laws cap. 71, § 28, confers authority upon the board of aldermen of the city of Providence to abandon a public highway without a preceding request from the city council to abandon the same.

(2) *Highways. Abandonment.*

Where all the owners of land through which a highway passed had previously agreed with the board of aldermen that they would claim no damages by reason of abandonment, and asked for such abandonment, there was no necessity for the appointment of the committee provided by Gen. Laws cap. 71, for the purpose of negotiating as to any damages sustained.

(3) *Highways. Abandonment.*

The question of abandonment of a highway has been left to the discretion of the board of aldermen by Gen. Laws cap. 71, and its action is not subject to review by the court except upon appeal duly taken.
Distinguishing *State* v. *Cumberland,* 7 R. I. 75.

INFORMATION IN EQUITY brought in the name of the attorney-general at the relation of the trustees of the Mathewson Street Methodist Episcopal Church, and others. The facts are stated in the opinion. See also 22 R. I. 112. Heard on demurrer, and demurrer sustained.

(1)     TILLINGHAST, J. This is an information in equity brought in the name of the attorney-general upon the relation of the trustees of the Mathewson Street Methodist Episcopal Church, the Boston Store Land Company, and William Armour against John Shepard, Jr., and The Shepard Company. It is sought by the proceeding to compel the removal of certain buildings and other permanent structures erected by the respondents upon a strip of land running between Union street and Clemence street in the city of Providence, which was until recently a public highway known as Comfort street. The information alleges that the board of aldermen of the

city of Providence, on the 28th of December, 1898, passed a resolution declaring said Comfort street to be useless, and abandoning the same as a public highway; but it alleges that said resolution was null and void, for the following reasons: (1) that there was no request from the city council that said highway be abandoned; (2) that the board of aldermen, before voting to abandon said highway, did not comply with the provisions of the statutes relating to the abandonment of highways; and (3) that the board of aldermen had no right to abandon said highway, because, as a matter of fact, it had not ceased to be useful as a highway to the public generally.

The exhibits annexed to the information show that prior to the passage of the resolution by the board of aldermen all the persons owning land abutting on said highway and having any interest in the land used for such highway petitioned the board of aldermen to abandon the same, and covenanted that they would make no claim for damages by reason of such abandonment; and, further, that the board of aldermen found, as a fact, that said Comfort street was useless as a public highway.

To this information the respondents have demurred on the ground that the information and exhibits disclose facts from which it appears that Comfort street was legally abandoned as a public highway on December 28, 1898.

1.    We do not think that the right of the board of aldermen of the city of Providence to abandon a highway, at the time when the street in question was abandoned, depended upon any previous action of the city council in the premises. The only provision of the statute with reference to the abandonment of highways which was in force at that time was section 28 of chapter 71, General Laws of Rhode Island, which, in so far as it is applicable to the case before us, is as follows:

"Town councils may . . . abandon the whole or any part of any highway . . . and thereupon like proceedings shall be had in all respects, so far as the same are applicable, including appeals, as are provided in this chapter in case of taking land and ascertaining damages to the owners

of land taken in laying out or in case of abandonment of highways."

The "*proceedings*" referred to in this chapter in case of the taking of land and ascertaining the damages caused thereby are contained in sections 2 to 8, inclusive; and these sections alone, with section 28, are applicable to the abandonment of a highway. *Attorney-General* v. *Sherry*, 20 R. I. 43.

The only provision of the statute which refers to a request by the city council as a prerequisite to action by the board of aldermen is found in section 1. "This section," as pertinently stated by respondents' counsel in their brief, "has nothing to do with the '*proceedings*' in taking land for a highway or in laying out a highway, but simply confers the *authority* upon town councils to lay them out, as section 28 confers the authority to abandon them." The section reads as follows:

"The town councils of the several towns may order highways to be laid out so far and through such part of their respective towns as they may judge necessary: *Provided*, that the board of aldermen of the city of Providence shall not lay out any highway in said city except on request of the city council thereof; and, on such request, shall proceed according to the provisions of chapter 587 of the Public Laws, passed at the January session in the year 1886."

The provision in this section relating to the request of the city council is in the nature of a condition precedent to the right of the board of aldermen to order the layout of a highway; but the action which is required on the part of the city council is no part of the proceedings connected with the actual laying out thereof. It is therefore clearly not included in the "like *proceedings*" mentioned in said section 28. Moreover, if the General Assembly had intended that the same preliminary step should be taken by the board of aldermen in the abandonment of a highway as is required in connection with the layout thereof, they would naturally have incorporated a similar provision in said section 28, or have made it subject thereto by reference. In the absence of any such express intention, we think it would be a strained

and unnatural construction for the court to incorporate it therein.

2. In the matter of the abandonment of Comfort street, we think the board of aldermen did everything which the statute required them to do under the circumstances of the case. It appears that all the owners of the land through which said highway passed had previously agreed with the board of aldermen that they would claim no damages by reason of the abandonment of said highway, and had also petitioned the board to abandon it. It was, therefore, clearly not incumbent upon the board to appoint a committee for the purpose of negotiating as to any damages sustained, for, as held by this court in *Attorney-General* v. *Sherry, supra,* it is only the owners of the land through which the highway passes who have any claim for damages on account of the abandonment thereof.

In short, then, it appears that the action which was taken by the board was in accordance with the written request of all parties in interest—that is, all parties who had any legal interest in the land abutting on said Comfort street— and hence none of the *"proceedings"* provided for in said sections 2 to 8 inclusive were applicable. We therefore fail to see that the relators can have any standing in court under this proceeding. If it be argued that, as a part of the public, the relators are interested in the continuance of said highway, it is sufficient to reply that the General Assembly has seen fit to place such interest in the keeping of the board of aldermen ; and it is to be presumed that they will not unreasonably or injudiciously interfere therewith. That is to say, that they will exercise the power of abandonment which is conferred upon them in such manner as shall be least injurious and most beneficial to the general public. It is manifest that such power should be vested in some board or tribunal, for, otherwise, a town or city might be compelled to maintain a highway which had become wholly useless. In Elliott on Roads and Streets, 2 ed. § 879, the author says :

"Whether it is expedient to discontinue a highway is a question for legislative decision, and when the authority to

discontinue is delegated to local officers, and no restrictions are placed upon its exercise, the officers are invested with a very broad discretion; and unless this discretion has been abused, the courts cannot interfere.    This is in accordance with the general rule that where officers are invested with discretionary power courts will not substitute their judgment for that of the officers invested by law with the right to decide upon the necessity or expediency of doing a designated act."

3. As to the allegation that the board had no right to abandon said highway, because, as a matter of fact, it had not ceased to be useful to the public generally, it is sufficient to reply that it is not required by the statute which was in force at the time of said abandonment that a highway should have actually ceased to be useful as such to the public generally, or that it should have been in terms adjudged by the board to be useless before it could be abandoned.    The question of abandonment is left to the discretion of the board, and its action in the premises is no more subject to review by a court, except upon appeal duly taken, than is its action in laying out a highway upon a claim that such layout is not demanded by public necessity or is not made in the location which would best accommodate the public needs.

The case of *State* v *Cumberland*, 7 R. I. 75, relied on by counsel for relators, is not controlling upon this branch of the present case, as the statute under which that decision was rendered was materially different from the one under which the board of aldermen acted in this case.

Upon the facts alleged in the information and exhibits, therefore, we decide that said Comfort street was legally abandoned by the board of aldermen on December 28, 1898, and has not since been a public highway.

The demurrer is sustained.

*E. D. Bassett and Dexter B. Potter*, for State.

*Arnold Green and Comstock & Gardner*, for respondents.